# IN THE COURT OF APPEALS OF IOWA

No. 20-0108
Filed May 13, 2020

**IN THE INTEREST OF L.P., A.P., and Z.W.**
**Minor Children,**

**M.P., Mother,**
    Appellant.

_____

Appeal from the Iowa District Court for Wapello County, William Owens, Associate Juvenile Judge.

A mother appeals the termination of her parental rights to her three children. **AFFIRMED.**

Michael S. Fisher of Fisher Law Office, Oskaloosa, for appellant mother.

Thomas J. Miller, Attorney General, and Meredith L. Lamberti, Assistant Attorney General, for appellee State.

Sarah L. Wenke of Wenke Law Office, Ottumwa, attorney and guardian ad litem for minor children.

Considered by Bower, C.J., Schumacher, J., and Scott, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2020).

**SCOTT, Senior Judge.**

A mother appeals the termination of her parental rights to her three children, A.P., born 2013; Z.W., born 2016; and L.P., born 2018.[1]  The mother challenges the sufficiency of the evidence supporting termination, argues termination is contrary to the children's best interests, and requests additional time to work toward reunification.  Our review is de novo.  *In re L.T.*, 924 N.W.2d 521, 526 (Iowa 2019).  Our primary consideration is the best interests of the children, *In re J.E.*, 723 N.W.2d 793, 798 (Iowa 2006), the defining elements of which are the children's safety and need for a permanent home.  *In re H.S.*, 805 N.W.2d 737, 748 (Iowa 2011); *see also* Iowa Code § 232.116(2) (2019).

The mother has a long history of substance abuse.  She has had her parental rights terminated as to another child not involved in these proceedings.  A.P. came to the attention of the Iowa Department of Human Services (DHS) in 2013.  Her case was closed the following year with a guardianship being established with her maternal grandmother.  A.P. again came to the attention of DHS in April 2017 as a result of the condition of the guardian's home.  The guardian agreed to voluntary placement of A.P. with a suitable other.  The child has not returned to the guardian's care.  Z.W. came to the attention of DHS when born in November 2016.  Z.W. tested positive for methamphetamine.  The mother admitted to using the substance three days prior.  When L.P. was born in January 2018, she likewise tested positive for the substance.  Both Z.W. and L.P. were removed from the mother's care at birth and have never returned.

---

[1] The parental rights of all known and unknown fathers were also terminated.  No father appeals.

Throughout these proceedings, the mother did not meaningfully participate in mental-health or substance-abuse treatment as recommended. The mother took no steps to address her substance-abuse issues until she obtained a substance-abuse evaluation in July 2019, after the permanency goal was modified to termination. The mother admitted to relapsing on methamphetamine the same month. She has had no contact with A.P. and had few interactions with Z.W. Her attendance at visitations with L.P. was inconsistent, and she had yet to progress beyond fully-supervised visits.

Following a termination hearing in October 2019, the juvenile court terminated the mother's parental rights pursuant to section 232.116(1)(f) as to A.P., (h) as to Z.W. and L.P., and (g) as to all three children.

As to the mother's challenge to the sufficiency of the evidence supporting termination, the mother only claims the evidence was insufficient to show the children could not be returned to her care at the time of the termination hearing. *See* Iowa Code § 232.116(1)(f)(4), (h)(4) (requiring clear and convincing evidence that the child cannot be returned to the custody of the child's parents at the present time); *In re D.W.*, 791 N.W.2d 703, 707 (Iowa 2010) (interpreting the statutory language "at the present time" to mean "at the time of the termination hearing"). She does not challenge the sufficiency of the evidence supporting termination under section 232.116(1)(g). Consequently, we affirm on this ground. *See In re P.L.*, 778 N.W.2d 33, 40 (Iowa 2010); *In re R.L.*, No. 19-1355, 2019 WL 5067181, at *1 (Iowa Ct. App. Oct. 9, 2010); *In re D.R.*, No. 18-1116, 2018 WL 4361087, at *1 (Iowa Ct. App. Sept. 12, 2018); *In re S.F.*, No. 15-0490, 2015 WL 3626439, at *1 (Iowa Ct. App. June 10, 2015); *In re D.H.*, No. 13-1693, 2014 WL 250256, at *1

(Iowa Ct. App. Jan. 23, 2014). In any event, we find the evidence clear and convincing that the children could not be returned to the mother's care at the time of the termination hearing, and the evidence was therefore sufficient under section 232.116(1)(f) and (h).

We turn to the children's best interests. The mother only argues that "[p]ermanently separating a mother from her children after significant progress had been made on minor concerns was not in the children's long-term best interests." Upon our de novo review, we are unable to characterize the mother's progress as significant or the concerns as minor. The oldest child has been out of the mother's care for most of her life and the younger two children their entire lives. Having given "primary consideration to the child[ren]'s safety, to the best placement for furthering the long-term nurturing and growth of the child[ren], and to the physical, mental, and emotional condition and needs of the child[ren]," we conclude termination is in the children's best interests. Iowa Code § 232.116(2). The mother has been given ample time to get her affairs in order, and these children's best interests are best served by providing permanency and stability now. *See In re A.B.*, 815 N.W.2d 764, 778 (Iowa 2012) ("It is simply not in the best interests of children to continue to keep them in temporary foster homes while the natural parents get their lives together." (quoting *In re C.K.*, 558 N.W.2d 170, 175 (Iowa 1997))).

Finally, the mother requests additional time to work toward reunification. If, following a termination hearing, the court does not terminate parental rights but finds there is clear and convincing evidence that the child is a child in need of assistance, the court may enter an order in accordance with section 232.104(2)(b).

Iowa Code § 232.117(5). Section 232.104(2)(b) affords the juvenile court the option to continue placement of a child for an additional six months if the court finds "the need for removal . . . will no longer exist at the end of the additional six-month period." Given the mother's track record and refusal to meaningfully participate in services for roughly five years, we are unable to conclude the need for removal would no longer exist after an extension. The mother simply waited too long to engage in services. Given the mother's history, she would be required to fully engage in services for an extended period of time before the children could be returned to her care, certainly longer than six months.

We affirm the termination of the mother's parental rights.

**AFFIRMED.**